# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SEN ZHANG, <br><br> **Plaintiff,** <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT, <br><br> **Defendants.** | Civil Action No. 24-cv-6834 <br><br> Presiding: Jeremy C. Daniel <br><br> Magistrate: Shiela M. Finnegan |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION

Plaintiff, by and through his undersigned counsel, hereby submits this Memorandum in support of his Motion for Entry of a Preliminary Injunction. For the reasons set forth herein, Plaintiff respectfully requests that the Court grant this Motion.

## INTRODUCTION

Plaintiff is requesting entry of a preliminary injunction based on its action for copyright infringement against the Defendants listed on Schedule A to the Complaint. Dkt. 1. As alleged in Plaintiff's Complaint, Defendants are engaged in the unauthorized marketing and distributing of unlicensed products using infringing and counterfeit versions of Plaintiff's federally registered copyright-protected design (the "Counterfeit Products") through various fully interactive, commercial internet stores operating under at least the Online Marketplace Accounts listed in Schedule A to the Complaint (collectively, the "Defendant Internet Stores"). As discussed further

1

herein, Plaintiff has had an opportunity to take third-party discovery from several entities who operate in active concert or participation with Defendants; namely, several on-line retail platforms and payment processing companies. Plaintiff continues to receive additional discovery from these entities. It is critical that Defendant Internet Stores and those in active concert or participation with Defendants continue to be subject to the terms previously set forth in the TRO requiring cessation of the infringing activity and restraining of Defendants' payment accounts. This is imperative to prevent any attempt on the part of such entities to circumvent Plaintiff's enforcement efforts by transferring funds out of the accounts to accounts outside this Court's jurisdiction.

## STATEMENT OF FACTS

### I. Jurisdiction.

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Copyright Act, 17 U.S.C. § 100, et seq., and 28 U.S.C. §§ 1338(a) and 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This Court has held that even without a defendant having sold or shipped product into Illinois, personal jurisdiction exists where the defendant utilized an interactive website to market its products to residents of Illinois. *See, e.g., Christian Dior Couture, S.A. v. Lei Liu et al.*, 2015 U.S. Dist. LEXIS 158225, at *6 (N.D. Ill. Nov. 17, 2015) (personal jurisdiction proper over defendant offering to sell alleged infringing product to United States residents, including Illinois; no actual sale required); *see also Monster Energy Co. v. Zheng Peng*, Case No. 17-cv-414, 2017 WL 47732769, at *7 (N.D. Ill. Oct. 23, 2017).

Further, Rule 4(k)(2), the "federal long-arm statute," provides as follows: "For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (a) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (b) exercising jurisdiction is consistent with the United States

Constitution and laws." Fed.R.Civ.P. 4(k)(2); *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 941 (7th Cir. 2000); *Astor Chocolate Corp. v. Elite Gold Ltd.*, 510 F. Supp. 3d 108, 124 (S.D.N.Y. 2020). "Rule 4(k)(2) thus fills a gap in the enforcement of federal law for courts to exercise personal jurisdiction over defendants with sufficient contacts with the United States generally, but insufficient contacts with any one state in particular." *Id*. (internal citations and quotations omitted).

Here, Defendant Internet Stores have sold and shipped significant quantities of product, including infringing product, into the U.S. Defendant Internet Stores have marketed, sold and shipped product to Illinois residents. Defendant Internet Stores market their products to, indeed directly target, consumers throughout the U.S., including Illinois. Such products include, among others, the infringing products accused in this case and shown in Exhibit 2 to the Declaration of Sen Zhang. Dkt. 13-2 and 13-3.

Defendant Internet Stores, therefore, purposefully direct their activity to residents of the U.S. and avail themselves of the privilege of conducting business in the U.S. Accordingly, there exist sufficient minimum contacts such that exercising personal jurisdiction over Defendant Internet Stores is fully consistent with the Due Process clause and otherwise with the U.S. Constitution. *Asahi Metal Indus. Co. v. Superior Court of California, Solano Cnty.,* 107 S.Ct. 1026, 1035-36 (1987) (as long as a participant in the stream of commerce is aware that its final product is being marketed in the forum, exercising personal jurisdiction is consistent with due process without a showing of additional conduct purposely directed toward the forum).

## II. Plaintiff's Products and Copyrights.

Plaintiff is the owner of high-quality works of art, many of which have been registered with the U.S. Copyright Office, including the one asserted in this case (Plaintiff's "Copyrighted Work"). The registration certificate for the Copyrighted Work is attached as Exhibit 1 to the Declaration of Sen Zhang. Dkt. 13-1. Plaintiff's Copyrighted Work is shown in the following table:

| Registration Number and Title | Copyrighted Images |
|---|---|
| VA 2-397-511<br><br>marble with golden, gray, and white patterns | |

Plaintiff has authorized stores on the internet to use the Copyrighted Work in various product lines especially for fabrics ("Plaintiff's Products"), which has generated a considerable amount of revenue. Declaration of Sen Zhang (the "Zhang Declaration"). Dkt. 13 at ¶ 4.

## III. Defendants' Unlawful Activities.

The marketplace success of Plaintiff's Products has resulted in significant counterfeiting of the Copyrighted Work. Zhang Declaration at ¶ 5. Consequently, Plaintiff maintains a worldwide anti-counterfeiting program and regularly investigates suspicious e-commerce stores identified in proactive Internet sweeps and reported by consumers. (*Id.* ¶ 6). Plaintiff has identified numerous fully interactive e-commerce stores, including those operating the Defendant Internet Stores, which were offering for sale and/or selling counterfeit and otherwise infringing versions of the

Copyrighted Work to consumers in this Judicial District and throughout the United States. (*Id*. at ¶ 7). Additionally, Counterfeit Products for sale by the Defendant Internet Stores bear similar irregularities and indicia of being counterfeit to one another, suggesting that the Counterfeit Products were manufactured by, and come from, common sources and that Defendants are interrelated.

## ARGUMENT

**I.  A Preliminary Injunction Extending the Relief Already Granted in the TRO Is Appropriate.**

Plaintiff requests that this Court convert the TRO previously entered in this action to a preliminary injunction to prevent further unlawful conduct by Defendants. Courts regularly convert temporary restraining orders to preliminary injunctions in intellectual property actions where the circumstances justify it. *See, e.g., Epic Tech, LLC v. Paradise Internet Café*, LLC, No. 3:15-cv-00530-J-34JRK, 2015 WL 2342990, at *3 (M.D. Fla. May 14, 2015) (converting TRO to a preliminary injunction in copyright case); *Anti-Aging Techs., LLC v. The Partnerships & Unincorporated Assocs. Identified in Sch. "A,"* 1:20-cv-06597, Dkt. 44-45 (N.D. Ill. Nov. 6, 2020) (converting TRO to a preliminary injunction in a trademark counterfeiting case).

**A.  This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied.**

The standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit. *See, e.g. Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted). This Court has already found that the Plaintiff has met the requirements for granting a TRO. Since the facts and circumstances regarding Plaintiff and Defendants remain the same since entry of the TRO, the requirements for entry of a preliminary injunction have been satisfied here. A temporary

restraining order or preliminary injunction may be issued upon a showing that the following criteria have been satisfied: (1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction. *Spinmaster, Ltd. v. Overbreak LLC*, 404 F. Supp. 2d 1097, 1102 (N.D. Ill. 2005). By virtue of this Court's entry of the TRO, the Court has already found that the above requirements have been satisfied.

### B. The Equitable Relief Previously Granted Remains Appropriate.

Plaintiff requests conversion of the TRO to a preliminary injunction so that Defendants' accounts in U.S.-based financial institutions remain restrained during the pendency of this action. Since entry of the TRO, through expedited third-party discovery ordered by the Court, Plaintiff has obtained information concerning Defendant Internet Stores' infringing activity. Such information includes, *inter alia*, email addresses used by certain of the Defendants to create and maintain accounts with on-line retail platforms, account balance information for payment accounts containing proceeds from infringing sales, and sales data for infringing Defendant Internet Stores.

In the absence of a preliminary injunction, Defendants may attempt to transfer assets from accounts with U.S.-based financial institutions to offshore accounts. *See Volkswagen AG, et al. v. hkseller\*2011, et al.,* No. 18-cv-07621 (N.D. Ill. May 6, 2019, J. Lee) (the Court found Defendants took deliberate action to avoid the asset restraint). It is critical, therefore, that Defendants' assets related to this action remain restrained throughout the entirety of this action while the merits of Plaintiff's copyright infringement claim are adjudicated. Plaintiff's damages, which are both monetary in nature as well as of a nature not amenable to monetary quantification (e.g., loss of goodwill; loss of exclusivity), far exceed the sums contained in Defendants' restrained accounts.

As such, an Order by this Court requiring that Defendants' financial accounts remain restrained during the pendency of this action is necessary and appropriate. The Copyright Act expressly contemplates granting of injunctive relief in appropriate cases. *See* 17 U.S.C. § 502 (Copyright Act).

Defendants' unauthorized use of the Copyrighted Work has and continues to irreparably harm Plaintiff through diminished goodwill and brand confidence, damage to its business reputation, loss of exclusivity, and loss of future sales. (Dkt. 13 ¶ 8). Plaintiff has invested substantial time, money, and effort acquiring and promoting Plaintiff's Copyrighted Work. (*Id*. ¶ 9). The extent of the harm to Plaintiff's business reputation, the goodwill associated therewith, and the possible diversion of customers due to loss in brand confidence are irreparable and incalculable, thus requiring immediate cessation Defendants' copyright infringement. (*Id*. ¶ 10). Such harm, therefore, warrants an immediate halt to Defendants' infringing activities through injunctive relief. *See Promatek Industries, Ltd. v. Equitrac Corp.*, 300 F.3d 808, 813 (7th Cir. 2002) (finding that damage to plaintiff's goodwill constituted irreparable harm for which plaintiff had no adequate remedy at law). Plaintiff will suffer immediate irreparable injury, loss, and damage if a preliminary injunction is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1). (*Id*. ¶ 12).

## **CONCLUSION**

In view of the foregoing, Plaintiff respectfully requests that this Court enter the requested Preliminary Injunction against all Defendants listed in Schedule A to the Complaint.

Date: August 29, 2024

Respectfully submitted,

By: /s/ Abby Neu
Keaton Smith ARDC 6347736
Shengmao (Sam) Mu, NY #5707021
Abby Neu ARDC 6327370
**WHITEWOOD LAW PLLC**
57 West 57th Street, 3rd and 4th Floors
New York, NY 10019
Telephone: (917) 858-8018
Email: smu@whitewoodlaw.com

*Counsel for Plaintiff*