**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

**CASE NO.: 1:24-cv-6834**

**SEN ZHANG**

               Plaintiff,

v.

**THE INDIVIDUALS, CORPORATIONS,**
**LIMITED LIABILITY COMPANIES,**
**PARTNERSHIPS, AND**
**UNINCORPORATED ASSOCIATIONS**
**IDENTIFIED ON SCHEDULE A TO**
**THE COMPLAINT,**

               Defendants.

_____/

Presiding: Jeremy C. Daniel
Magistrate: Shiela M. Finnegan


### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Defendant Cinblue (DOE #9), riyifabri (DOE #56), WEESIRE (DOE #69), YOKIN (DOE #76), Bellast (DOE #85), dreamspace (DOE #95), KidsTube (DOE #108) (collectively "Defendants"), by and through their undersigned counsel, comes before this Court in opposition to Plaintiff's Motion for Preliminary Injunction [28]. Plaintiff filed its Complaint on August 5, 2024, alleging that Defendants committed copyright infringement. *See* [1].

Plaintiff filed an *ex parte* Motion for Temporary Restraining Order [11], which the Court granted on August 15, 2024. On August 29, 2024, plaintiff filed a motion for preliminary injunction [28], seeks to have the temporary restraining order converted into a preliminary injunction. Defendants file this opposition to the preliminary injunction and asserts, in the alternative, that if a preliminary injunction were to be granted, it should be granted without an asset restraint, or at least a significantly modified one, to better reflect the circumstances of this case.

# I.    ARGUMENT

A "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Further, the preliminary injunction should also be tailored to the violation. *Commodity Fut. Trading Comm. v. Lake Shore Asset Mgmt. Ltd.*, 496 F.3d 769, 772 (7th Cir. 2007). In order to properly receive a preliminary injunction, Plaintiff must have demonstrated by a clear showing that "(1) the threat of irreparable harm for which there is no adequate remedy at law; (2) that the threatened injury to plaintiff outweighs the harm an injunction might inflict on the defendant; (3) that the plaintiff has a reasonable likelihood of success on the merits; and (4) that the issuance of a preliminary injunction would not disserve the public interest." *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 321-22 (7th Cir. 1984) (*citing In re Uranium Antitrust Litigation*, 617 F.2d 1248, 1261 (7th Cir. 1980)). The movant "bears the burden of persuasion with regard to each factor in the preliminary injunction relief analysis" and if it "fails to meet just one of the prerequisites for a preliminary injunction, the injunction must be denied." *Smith v. Foster*, 2016 WL 2593957 (E.D. Wis. May 5, 2016) (*quoting, Cox v. City of Chicago*, 868 F.2d 217, 219- 23 (7th Cir. 1989). Plaintiff's absence of a likelihood of success on the merits affects the balance of harms. *Illinois League of Advocates for the Developmentally Disabled v. Illinois Dept. of Human Servs.*, 60 F. Supp. 856, 889 (N.D. Ill. 2014).

Additionally, for a "preliminary injunction order to be valid, the issuing Court must have personal jurisdiction over the defendants." *Am. Bridal & Prom Indus. Ass'n, Inc. v. The Partnerships & Unincorporated Associations Identified on Schedule A*, 192 F. Supp. 3d 924, 930 (N.D. Ill. 2016). As discussed in more detail below, this Court lacks personal jurisdiction over the Defendants and for that reason alone, the requested preliminary injunction for the Defendants is

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

improper and should be denied. *Id*. at 935 (denying preliminary injunction and dismissing defendants for lack of personal jurisdiction). Further, even though personal jurisdiction does not exist over Defendants, the Defendants answer to the merits of the scope of the requested preliminary injunction. This response and appearance are in no way a waiver of Defendants' personal jurisdiction defense. H-*D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 848 (7th Cir. 2012) ("The law has long been clear…a party may appear and litigate both a personal jurisdiction defense and the merits of a case without waiving the personal jurisdiction defense").

### 1. Plaintiff Failed to Establish the Court's Personal Jurisdiction Over Defendants

With the establishment of the Court's personal jurisdiction, the Court cannot bind Defendants by a preliminary injunction. *Adv. Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796 (7th Cir. 2014), as corrected (May 12, 2014) ("In order for the district court's preliminary injunction to be valid, that court had to have personal jurisdiction over the defendant"). Plaintiff argues that personal jurisdiction is established because Defendants availed themselves to this Court's jurisdiction by targeting business activities toward "consumers in the United States, including Illinois, through their operation of, or assistance in the operation of, the fully interactive, commercial Internet Stores identified herein. Specifically, each of the Defendants are directly reaching out to do business with Illinois residents by operating, or assisting in the operation of, one or more commercial, interactive e-commerce stores that sell products directly to Illinois consumers that incorporate infringing and counterfeit versions of Plaintiff's federally registered copyright-protected work." *See* [1] at ¶2. Notwithstanding the issue that counterfeiting is specific to trademark infringement and Plaintiff has not alleged any allegations of counterfeiting against Defendants, Plaintiff has not provided any evidence that Defendants sold products in the United States or to residents in Illinois. *See* 13-2, 3. In fact, since the Temporary Restraining Order has been in place,

3

Plaintiff likely has additional evidence to advise whether the Court if Defendants ever sold any products in this Court's jurisdiction, and has failed to provide it.

The only evidence provided to the Court are screenshots of Defendants' website and several pending orders, which are insufficient to establish jurisdiction. "If the defendant merely operates a website, even a "highly interactive" website, that is accessible from, but does not target, the forum state, then the defendant may not be hauled into court in that state without offending the Constitution." *be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011) (Where evidence of 20 Illinois residents having opened accounts on the defendant's interactive website was inadequate to support a finding that the Court had personal jurisdiction over said defendant); *Sun Chenyan v. P'ships & Unincorporated Assocs. Identified on Schedule "A"*, 2021 WL 1812888 at *5 (N.D. Ill. May 6, 2021) (J. Kendall) ("Finding specific personal jurisdiction here would likely give rise to universal personal jurisdiction because users from across the country, except those from a handful of places, could purchase from the eBay Stores").

**2.    Scope of the Injunctive Relief and Asset Freeze is Unavailable and Inappropriate**

To encourage prompt registration of copyrights, Congress enacted Section 412 of the Copyright Act. *UIRC-GSA Holdings Inc. v. William Blair & Co., L.L.C.*, No. 15-CV-9518, 2018 WL 11473349, at *2 (N.D. Ill. Apr. 3, 2018) (St. Eve.). Section 412 provides that "no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for ... any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412.

Plaintiff raises copyright infringement allegations against Defendants in its Complaint. The copyrighted work was published on November 23, 2016; however, the effective date of registration

4

is June 05, 2024[1-1]. Since this is more than six years from its first publication, statutory damages should not be granted except for actual damages. *See Milburn v. PDD Holdings, Inc.,* No. 23-CV-04785, 2024 WL 3177639, at *7 (N.D. Ill. June 26, 2024) ("argument fails in the face of what Plaintiff has actually pled. Because Plaintiff did not obtain a registration for the Work within three months of first publication, and because the Complaint pleads that Defendants' alleged infringement commenced after publication of the Work, but before the copyright registration, Plaintiff's claims for statutory damages and attorneys' fees under the Copyright Act are dismissed".)

Based on Defendants' statements, Cinblue has sales totaling $13,791.89 with $19,673.46 restrained; riyifabri has sales of $32,848.48 with $32,530.16 restrained; WEESIRE has sales of $3,724.19 with $40,000 restrained; YOKIN has sales of $6,437 but more than $100,000 restrained; dreamspace has no sales but $5,079.8 restrained; KidsTube has sales of $1,200 with $9,638.77 restrained. For most of them, the restrained amount is far greater than the sales amount.

The Supreme Court has held that district courts generally lack the authority "to issue a preliminary injunction preventing [a defendant] from disposing of [its] assets pending adjudication" of a plaintiff's claim for money damages." *Grupo Mexicano de Dessarrolo v. Alliance Bond Fund*, 527 U.S. 308, 333 (1999). This has been affirmed in the Seventh Circuit as well. See *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002); See also *Micnerski v. Sheahan*, 2002 WL 31415753 at *1 (N.D. Ill. Oct. 25, 2002) ("federal district courts do not have the power to grant preliminary injunctions to prevent a defendant from transferring assets in which no lien or equitable interest is claimed"). Prejudgment asset restraints, therefore, are limited to cases seeking equitable relief, where they are narrowly drawn and limited only to what is reasonably necessary to secure the (future) equitable relief.*" Deckers Outdoor Corp. v. P'ships & Unincorporated Assocs. Identified on Schedule A*, 2013 WL 12314399 at *2 (N.D. Ill. Oct. 31, 2013). Prejudgment asset restraints,

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

therefore, are limited to cases seeking equitable relief, where they are narrowly drawn and limited only to what is reasonably necessary to secure the (future) equitable relief." *Deckers Outdoor Corp. v. P'ships & Unincorporated Assocs. Identified on Schedule A*, 2013 WL 12314399 at \*2 (N.D. Ill. Oct. 31, 2013).

Thus, asset freeze sought by Plaintiff prior to a judgement should be limited to amounts that the plaintiff is reasonably likely to recover pursuant to an equitable accounting of profits in this case. 17 U.S.C. § 504(a); 15 U.S.C. § 1117; *Cengage Learning, Inc. v. Doe 1*, 2018 WL 2244461 at \*3 (S.D.N.Y. Jan. 17, 2018); *see also Deckers*, 2013 WL 12314399, at \*2 ("[W]here equitable relief is sought, the appropriate scope of prejudgment restraint must be limited only to what is reasonably necessary to secure the (future) equitable relief. For example, where (as here) a litigant seeks the equitable remedy of an accounting of profits, then if the amount of the profits is known, then the asset freeze should apply on to that specific amount, and no more... In other words, the asset restraint order must be limited only to the extent that is needed to secure the equitable remedy; the scope of the exception (to the general ban on prejudgment restraint) is limited by the scope of the exception's rationale"). The current asset restraint froze all funds in Defendants' accounts, regardless of source. Given the statutory damages unavailable to Plaintiff as described above and Plaintiff's failure to prove to the Court the amount in actual damages it could recover from Defendants based on alleged sales of infirming products, the Court should deny Plaintiff's request to continue to restrain Defendants' financial accounts. *Micnerski*, 2002 WL 31415753 at \*1 ("federal district courts do not have the power to grant preliminary injunctions to prevent a defendant from transferring assets in which no lien or equitable interest is claimed"). Therefore, even if the Court is inclined to grant Plaintiff's asset restraint, which it should deny for the aforementioned reasons, it should modify the restraint and limit it to only the amount recoverable

6

by Plaintiff, should they be successful in copyright infringement against Defendants.

## II.    Conclusion

For the reasons set forth above, the Court should deny Plaintiff's motion for a preliminary injunction, at least as it relates to Defendants, given the Court's lack of personal jurisdiction over them. However, if the Court is inclined to grant Plaintiff's preliminary injunction, Defendants' assets should be released, or alternatively, the asset restraint modified to reflect the relief available to Plaintiffs. To continue to allow Plaintiff to maintain a complete asset restraint on Defendants' financial accounts would be inequitable, contrary to the principles of law stated herein, and unfairly prejudicial to Defendants.

DATED:  September 4, 2024

**REINER  & REINER, P.A.**
*Counsel for Several Defendants*
9100 South Dadeland Boulevard, Suite 901
Miami, Florida   33156-7815
Phone: (305) 670-8282; Facsimile: (305) 670-8989
*dpr@reinerslaw.com; eservice@reinerslaw.com*

By:_____
**DAVID P. REINER, II**; FBN 416400

7

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY that on **September 4, 2024**, I filed the foregoing with the Clerk of the Court via CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.*

By:_____

**DAVID P. REINER, II**; FBN 416400

8