# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

SEN ZHANG,

     **Plaintiff,**

**v.**

**THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,**

     **Defendants.**

Civil Action No. 24-cv-6834

**Presiding: Jeremy C. Daniel**

**Magistrate: Shiela M. Finnegan**

---

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISSOLVE PRELIMINARY INJUNCTION

  Plaintiff Sen Zhang ("Zhang" or "Plaintiff") by and through his Counsel, files his response in opposition to Defendants Brebon, Tayney, Art-Town, Subwest, BSYMY, Culudea's ("Brebon Defendants") Motion to Dissolve Preliminary Injunction (the "Motion"), Dkt. No. 45, and part of Defendants ASPMIZ Direct Store, Alishomtll, Blueangle, DAOXIANG, JUMBEAR, Kaltoon, LLRline, Likiyol, LoiFa, MMstyle, POUKE, ShoPen, and ZhoLing's (ASPMIZ Defendants) Response to the Complaint (the "Response"), Dkt. No. 50 and Defendants Gibelle and MitoVilla's Motion to Vacate Preliminary Injunction, Dkt. No. 71. Plaintiff incorporates herein the responses and arguments requested by this Court in Minute Entry Dkt. No. 60.

# TABLE OF CONTENTS

**BACKGROUND** ....................................................................................................................1

**SUMMARY** .........................................................................................................................2

**DISCUSSION** .....................................................................................................................4

    A.   Plaintiff's Copyright was Granted the Presumption of Validity that it is Legally Entitled to ...........4

    B.   Plaintiff Does Not Claim Copyright in the Subject Matter of Plaintiff's Copyrighted Work............5

    C.   Plaintiff's Copyrighted Work is Copyrightable ................................................................6

        1.   Plaintiff's Copyright Work Displays Sufficient Originality.........................................7

        2.   Plaintiff's Copyright Protects the Artistic Expression of a Natural Phenomenon........................9

    D.   Brebon Defendants' Chinese License is Invalid and Irrelevant.......................................................10

    E.   Defendants Gibelle and MitoVilla's Standing Argument Is Premature...........................................11

    F.   Defendants Gibelle and MitoVilla's Evidence of Alleged License is Inadmissible and Does Not Disprove Plaintiff's Likelihood of Success on the Merits ....................................................................12

    G.   All Defendants are Properly Joined in the Action .........................................................................12

        1.   Brebon Defendants .............................................................................................14

        2.   ASPMIZ Defendants ..........................................................................................15

        3.   Cinblue Defendants ...........................................................................................15

        4.   Gibelle and MitoVilla.........................................................................................15

        5.   Non-Appearing Defendants.................................................................................16

        6.   Severability of Grouped Defendants ....................................................................16

**CONCLUSION** ................................................................................................... 17

# TABLE OF AUTHORITIES

**Cases**

*Abatangelo v. Wells Fargo Bank, N.A.*,
  719 F. App'x 520 (7th Cir. 2017) ............................................................. 17

*Abro Indus., Inc. v. 1 New Trade, Inc.*,
  CASE NO.: 3:14-CV-1984-TLS (N.D. Ind. Oct. 30, 2017) ..................................... 4

*Atari, Inc. v. N. Am. Philips Consumer Elecs. Corp.*,
  672 F.2d 607 (7th Cir. 1982) ................................................................... 3

*ATC Distribution Grp., Inc. v. Whatever It Takes Transmissions & Parts, Inc.*,
  402 F.3d 700 (6th Cir. 2005) ................................................................... 8

*Bailie v. P'ships & Unincorporated Ass'ns Identified on Schedule A*,
  No. 24 cv 2150, 2024 U.S. Dist. LEXIS 87494 (N.D. Ill. May 15, 2024) ............... 13

*Bose Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*,
  334 F.R.D. 511 (N.D. Ill. 2020) ........................................................ 13, 16

*Bridgeman Art Library v. Corel Corp.*,
  36 F. Supp. 2d 191 (S.D.N.Y. 1999) ........................................................... 8

*Bridgeman Art Library, Ltd. v. Corel Corp.*,
  25 F. Supp. 2d 421 (S.D.N.Y. 1998) ....................................................... 7, 8

*Bryant v. Gordon*,
  483 F. Supp. 2d 605 (N.D. Ill. 2007) ........................................................ 9

*Burrow-Giles Lithographic Co. v. Sarony*,
  111 U.S. 53, 61, 4 S. Ct. 279, 28 L. Ed. 349, 1884 Dec. Comm'r Pat. 186 (1884) ........... 6

*Cothron v. White Castle Sys.*,
  20 F.4th 1156 (7th Cir. 2021) ................................................................ 12

*Estate of Alvarez v. Donaldson Co.*,
  213 F.3d 993 (7th Cir. 2000) ................................................................ 17

*Estée Lauder Cosmetics Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*,
  334 F.R.D. 182 (N.D. Ill. 2020) ........................................................ 13, 17

*Ets-Hokin*,
  225 F.3d at 1073-77 ............................................................................ 7

*Evolutionary Level Above Hum. Found., Inc. v. Havel*,
  No. 3:22-CV-395-MGG, 2024 U.S. Dist. LEXIS 34173 (N.D. Ind. Feb. 27, 2024) ........... 5

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
    499 U.S. 340, 111 S. Ct. 1282 (1991) ............................................................. 7

*Folkens v. Wyland Worldwide, LLC*,
    882 F.3d 768 (9th Cir. 2018) ......................................................................... 9

*Home Legend, LLC v. Mannington Mills, Inc.*,
    784 F.3d 1404 (11th Cir. 2015) ..................................................................... 9

*Kelley v. Chi. Park Dist.*,
    635 F.3d 290 (7th Cir. 2011) ....................................................................... 10

*Mannion v. Coors Brewing Co.*,
    377 F. Supp. 2d 444 (S.D.N.Y. 2005) ........................................................... 7

*Merritt Forbes & Co. Inc. v. Newman Inv. Sec., Inc.*,
    604 F. Supp. 943 (S.D.N.Y. 1985) .............................................................. 10

*Meshwerks Inc. v. Toyota Motor Sales U.S.A., Inc.*,
    528 F.3d 1258 (10th Cir. 2008) ................................................................... 8

*PINK FLOYD (1987) Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*,
    No. 21-cv-04406, 2021 U.S. Dist. LEXIS 254394 (N.D. Ill. Oct. 21, 2021) ........................ 13

*Roadget Bus. Pte. Ltd. v. Individuals, Corp., LLC*,
    No. 24 C 115, 2024 U.S. Dist. LEXIS 96060 (N.D. Ill. May 30, 2024) ........................ 16, 17

*Roadget Bus. PTE. Ltd. v. Individuals*,
    No. 24 C 3139, 2024 U.S. Dist. LEXIS 162500 (N.D. Ill. Sep. 9, 2024) ............................ 13

*Roadget Bus. Pte.. Ltd. v. Individuals, Corp., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*,
    No. 24 CV 607, 2024 U.S. Dist. LEXIS 119991 (N.D. Ill. July 9, 2024) ............................ 17

*Rogers v. Koons*,
    960 F.2d 301 (2d Cir. 1992) ......................................................................... 7

*Satava v. Lowry*,
    323 F.3d 805 (9th Cir. 2003) ....................................................................... 9

*Schrock v. Learning Curve Int'l, Inc.*,
    586 F.3d 513 (7th Cir. 2009) ....................................................................... 7

*SHL Imaging, Inc. v. Artisan House, Inc.*,
    117 F. Supp. 2d 301 (S.D.N.Y. 2000) ........................................................... 7

*Southall v. Force Partners, LLC*,
    No. 1:20-cv-03223, 2021 U.S. Dist. LEXIS 164680 (N.D. Ill. Aug. 31, 2021) ........................ 5

*Telerate Sys., Inc. v. Caro*,
689 F. Supp. 221 (S.D.N.Y. 1988) ........................................................... 4

*UIRC-GSA Holdings, LLC v. William Blair & Co., L.L.C.*,
90 F.4th 908 (7th Cir. 2024) ................................................................... 10

*Viking Arm AS v. P'ships & Unincorporated Ass'ns Identified on Schedule A*,
No. 24 C 1566, 2024 U.S. Dist. LEXIS 104123 (N.D. Ill. June 6, 2024) ............................... 13

*Vivek Shah v. Nyp Holdings, Inc.*,
No. 23-1127, 2024 U.S. App. LEXIS 20824 (7th Cir. Aug. 15, 2024) .................................... 6

*Yurman Design, Inc. v. Golden Treasure Imps., Inc.*,
275 F. Supp. 2d 506 (S.D.N.Y. 2003) ......................................................... 4

*Zhaoshi Tang v. P'ships & Unincorporated Ass'ns Identified on Schedule A*,
No. 23 C 4587, 2024 U.S. Dist. LEXIS 2294 (N.D. Ill. Jan. 4, 2024) .................................. 13

**Statutes**

17 U.S.C. § 410(c) ............................................................................. 8

**Rules**

Federal Rule of Evidence 902(3) ............................................................... 14

# BACKGROUND

Plaintiff is the rightful owner of a number of copyrighted designs including a photograph of a golden, gray, and white marble pattern. ECF No. 8. This design was created in 2016 and was assigned in its entirety to Plaintiff in 2024. *See* Dkt. No. 65, which shows the copyright registration certificate, image deposit, and assignment of the exclusive administrative right to Plaintiff. Plaintiff brought this case for copyright infringement on August 5, 2024, to enforce his rights against defendants who were using the copyrighted design on counterfeit goods that were sold over various online marketplaces. ECF No. 1. Within the span of eight days, Brebon Defendants filed four unnoticed responses to these proceedings: two motions to dismiss for lack of jurisdiction, Dkt. Nos. 31, 33, a motion to sever and dismiss for lack of jurisdiction, Dkt. No. 34, and the current motion to dissolve preliminary injunction, Dkt. No. 45. Plaintiff directly responded to Brebon Defendants' first three motions, which were denied in part and granted in part. Dkt. No. 60. Plaintiff now responds to Brebon Defendants' Motion, which was argued at the hearing held on September 12, 2024. Subsequently, the Court ordered Plaintiff to respond to Brebon Defendants' contentions that the Asserted Copyright is not granted a presumption of validity, that the Asserted Copyright is not copyrightable, and Brebon Defendants' assertion that they were granted a Chinese license to use the work contained in the Asserted Copyright. Dkt. No. 60.

ASPMIZ Defendants filed their Response on September 11, 2024. Dkt. No. 50. Their Response was also argued and largely dismissed at the hearing held on September 12, 2024. The Court rescinded its oral rulings, and now requests that Plaintiff address ASPMIZ Defendants' contention that the work contained in the Asserted Copyright is not Copyrightable. Dkt. No. 60.

The Court also ordered Plaintiff to address joinder between and among the various individual defendants and groups of defendants. Dkt. No. 60.

Finally, Gibelle and MitoVilla Defendants filed their motion to vacate the preliminary injunction on September 18, 2024, arguing 1) that Plaintiff does not have standing, 2) that there is no irreparable harm, 3) that Plaintiff's Copyrighted Work is not copyrightable, and 4) that Defendants obtained licenses. Dkt. # 71. Plaintiff's responses to the above are incorporated herein.

## SUMMARY

Brebon Defendants' main argument to dissolve the Preliminary Injunction is that Plaintiff's copyright does not have a presumption of validity, and thus is invalid. *See* Dkt. No. 45. Defendants also claim that the image is not copyrightable because Plaintiff is allegedly attempting to copyright the subject matter of the image. At the same time, Defendants argued that the same photograph was registered and copyrightable in China via the National Copyright Administrative Bureau of the People's Republic of China on Jan 2, 2022, with the creation date as February 16, 2017, later than the actual creation date of 2016, as stated in the Asserted Copyright's registration. Defendants' arguments are doomed to fail because 1) Plaintiff has been granted a presumption of validity of his copyright under the standards of this Court, 2) Plaintiff is not asserting rights in any subject matter, but rather the image shown in his copyright, 3) Defendants failed to articulate any standard or caselaw supporting the validity of their alleged Chinese copyright, 4) the Chinese copyright is invalid because it is a subsequent photocopy of Plaintiff's copyrighted work, 5) the Chinese copyright license is not a defense to U.S copyright infringement, and 6) Defendants' admission that the same photograph was copyrightable in China by providing the Chinese copyright certificate undermines their position that the photograph is not copyrightable in the US.

ASPMIZ Defendants' arguments are equally lost. ASPMIZ Defendants claim that Plaintiff cannot maintain a valid copyright in Plaintiff's Copyrighted Work because it comes from nature, however, even the cases cited by ASPMIZ Defendants contend that Plaintiff's work is

copyrightable. Additionally, and without any evidence, ASPMIZ Defendants speculated that the author of Plaintiff's Copyrighted Work, Pattanawit Chancharastong (the "Author"), a renowned photographer from Thailand with over 2000+ licensable photographs[1], copied a random person's work, simply because both of them published the same work on Shutterstock.com. *See* **Exhibit 1**. It is important to note that photographs are generally considered creative works and are thus copyrightable because the photographer makes several creative decisions while capturing the image, such as the angle, lighting, and framing. Therefore, ASPMIZ Defendants' argument that the work is not copyrightable because it comes from nature is not valid. ASPMIZ Defendants' lack basis for their assertions, and their use of caselaw, numerous as it is, is woefully misguided and does not culminate in the legal conclusions claimed by ASPMIZ Defendants.

Gibelle Defendants' standing argument is premature and should be rejected. Gibelle Defendants' argument that there is no harm is baseless as the Seventh Circuit held that irreparable harm is presumed in copyright infringement cases. *Atari*, 672 F.2d at 620. Gibelle Defendants also took a conflicting position regarding copyrightability. They, like other Defendants here, argued that Plaintiff's photograph is not copyrightable but at the same time, they obtained license to use the copyrighted image. If they believed that the Plaintiff's photograph was not copyrightable, then there would have been no need to obtain a license to use the image. This inconsistency undermines their argument and strengthens the Plaintiff's case. Aside from the admissibility issue of the evidence, the various exhibits submitted by Gibelle Defendants show that Defendants admitted that plaintiff's photograph is copyrightable. Dkts. # 71-1- 71- 4. Gibelle Defendants' defense based on license is meritless as these alleged licenses were not obtained from or authorized by Plaintiff.

---

[1] https://www.dreamstime.com/aonkj3-latest-stock-photos

While three groups of Defendants challenged the likelihood of success on the merits, only Brebon Defendants argued that joinder is improper and requested the Court to dismiss the entire case for wrongful joinder. All defendants are properly joined in this case, however, even if the Court finds joinder improper, only Brebon Defendants should be severed as no other party has challenged joinder. Should the Court wish to sever the case further, each appearing group should be maintained, as they have shown evidence of their common ownership and/or collusion.

## DISCUSSION

### A. Plaintiff's Copyright was Granted the Presumption of Validity that it is Legally Entitled to

Brebon Defendants claim that Plaintiff's copyright does not maintain a presumption of validity. ECF No. 45. In arguing this point, Defendants cite a case from the Northern District of Indiana which states that copyrights registered more than five years after the first publication of the work are not entitled to a presumption of validity. *Id.* (citing *Abro Indus., Inc. v. 1 New Trade, Inc.*, CAUSE NO.: 3:14-CV-1984-TLS, at *12 (N.D. Ind. Oct. 30, 2017)) (sic). Defendants' argument is misguided, as this Court – as well as the Northern District of Indiana – may allow a copyright registration to serve as a presumption of the copyright's validity even if it is registered more than five years after publication:

> "[17 U.S.C. § 410(c)] mandates a presumption of validity for pre-five-year certificates, but the statute does not forbid a presumption of validity for post-five-year certificates. <u>Post-five-year certificates are still eligible to qualify as prima facie evidence of a valid copyright</u>. *Yurman Design, Inc. v. Golden Treasure Imps., Inc.*, 275 F. Supp. 2d 506, 515-16 (S.D.N.Y. 2003) (emphasis added) (holding that late registrations can be considered prima facie evidence of valid copyright); *Telerate Sys., Inc. v. Caro*, 689 F. Supp. 221, 227 n. 7 (S.D.N.Y. 1988) (explaining '[e]ven if the certificate were ... issued more than five years after the actual date of first publication, the court would be inclined to give the certificate the weight of prima facie evidence, as permitted under Section 410(c).'"

*Southall v. Force Partners, LLC*, No. 1:20-cv-03223, 2021 U.S. Dist. LEXIS 164680 at *7 (N.D. Ill. Aug. 31, 2021) (emphasis added); *see also Evolutionary Level Above Hum. Found., Inc. v. Havel*, No. 3:22-CV-395-MGG, 2024 U.S. Dist. LEXIS 34173 (N.D. Ind. Feb. 27, 2024) ("The Court notes, though, that while the Copyright Act does not mandate a presumption of validity for registrations obtained beyond the five-year timeframe, courts can still treat registrations outside this timeframe as prima facie evidence of ownership of a valid copyright"). This Court already properly acknowledged Plaintiff's copyright registration and rights in the Copyrighted Work and rightfully granted it a presumption of validity by issuing a temporary restraining order, Dkt. No. 18, and a preliminary injunction, Dkt. No. 44, based on Plaintiff's ownership in the work – conclusively proven by his declaration and the recordation exhibit submitted as Dkt. 65 – and likelihood of success on his infringement claim. Brebon Defendants' argument appears then to address the evidentiary weight of the copyright registration rather than whether its presumption of validity was properly granted. Brebon Defendants' argument is thus immature, as "the strength of the presumption is not a matter that should be resolved at the pleading stage." *Southall*, 2021 U.S. Dist. LEXIS 164680 at *7. Accordingly, Plaintiff's copyright is presumed valid and remains so at least until the parties develop facts in discovery that enable the Court to make an information determination as to the copyright certificate's evidentiary weight. *See id.*

### B. Plaintiff Does Not Claim Copyright in the Subject Matter of Plaintiff's Copyrighted Work

Brebon Defendants claim that Plaintiff's copyrighted image is not copyrightable because it, in and of itself, is an attempt to copyright the subject matter of the image. *See* Dkt. No. 45. This argument by Brebon Defendants is fundamentally flawed and borderline incomprehensible, but it seems that Defendants attempt to argue that photographs as a whole are not copyrightable because they capture things that already exist. The Supreme Court has long held that photographs are

copyrightable, despite depicting preexisting things, due to the creative decisions made by the photographer, including framing, lighting, composition, etc. *Vivek Shah v. Nyp Holdings, Inc.*, No. 23-1127, 2024 U.S. App. LEXIS 20824 at *5 (7th Cir. Aug. 15, 2024) (citing *Burrow-Giles Lithographic Co. v. Sarony*, 111 U.S. 53, 61, 4 S. Ct. 279, 28 L. Ed. 349, 1884 Dec. Comm'r Pat. 186 (1884)). Further, Plaintiff has not claimed a copyright in the subject matter of just any marble pattern, but rather the photograph taken of the specific marble with gold, white and gray colors. Plaintiff has claimed nothing more than a copyright in the photograph shown in his copyright registration. Defendants here are not simply using *similar* marble designs with golden, gray, and white patterns, but are instead selling products containing exact replicas of Plaintiff's copyrighted work. *See* Dkt. No. 13. Plaintiff claims no right in the subject matter of marble and seeks only to enforce his rights in Plaintiff's Copyrighted Work.

### C. Plaintiff's Copyrighted Work is Copyrightable

ASPMIZ Defendants claim that Plaintiff's Copyrighted Work lacks originality, and thus cannot be copyrighted. ASPMIZ Defendants' argument encompasses two main points of contention: first, that Plaintiff's Copyrighted Work is an exact copy of a preexisting thing and thus is not original, and second, that Plaintiff's Copyrighted Work comes from nature and thus is not copyrightable. As a preliminary matter, the burden of proof lies with Defendants to demonstrate that the Plaintiff's Copyrighted Work lacks originality, which they have not met. Regardless, Defendants two arguments fail for the following reasons: ASPMIZ Defendants merely cite strings of caselaw to justify their arguments, however, a detailed reading of each or any of their cited caselaw shows that the Courts are unified in their views that photographs are copyrightable, and that Plaintiff's Copyrighted Work displays not only sufficient originality but is entitled to protection of his artistic expression.

1.  Plaintiff's Copyright Work Displays Sufficient Originality

The originality of a work used in copyright means only that the work was independently created by the author and that it possesses at least some minimal degree of creativity. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 111 S. Ct. 1282 (1991). The standard for originality in photographs is extremely low, even a slight amount will suffice. *Schrock v. Learning Curve Int'l, Inc.*, 586 F.3d 513 (7th Cir. 2009) (quoting *Feist,* 499 U.S. 340):

> Federal courts have historically applied a generous standard of originality in evaluating photographic works for copyright protection. *See, e.g., Ets-Hokin*, 225 F.3d at 1073-77; *SHL Imaging, Inc. v. Artisan House, Inc.*, 117 F. Supp. 2d 301, 305 (S.D.N.Y. 2000). In some cases, the original expression may be found in the staging and creation of the scene depicted in the photograph. *See, e.g., Mannion v. Coors Brewing Co.*, 377 F. Supp. 2d 444, 452 (S.D.N.Y. 2005). But in many cases, the photographer does not invent the scene or create the subject matter depicted in it. Rather, the original expression he contributes lies in the rendition of the subject matter--that is, the effect created by the combination of his choices of perspective, angle, lighting, shading, focus, lens, and so on. *See id.*; *Rogers v. Koons*, 960 F.2d 301, 307 (2d Cir. 1992) ("Elements of originality in a photograph may include posing the subjects, lighting, angle, selection of film and camera, evoking the desired expression, and almost any other variant involved."). Most photographs contain at least some originality in their rendition, *see Mannion*, 377 F. Supp. 2d at 452 ("Unless a photograph replicates another work with total or near-total fidelity, it will be at least somewhat original in the rendition."), except perhaps for a very limited class of photographs that can be characterized as "slavish copies" of an underlying work, *Bridgeman Art Library, Ltd. v. Corel Corp.*, 25 F. Supp. 2d 421, 427 (S.D.N.Y. 1998) (finding no originality in transparencies of paintings where the goal was to reproduce those works exactly and thus to minimize or eliminate any individual expression)."

*Id.* at 519. The number of considerations that go into taking a photograph, e.g., framing, composition, lighting, angle, etc., are sufficiently creative such that all photographs, other than exact copies of preexisting works, are eligible to be copyrighted. *See id.* Alternatively, "slavish copies" of preexisting works are works created with the express intent of reproducing the underlying work in total or near-total fidelity. *See id.; Bridgeman Art Library v. Corel Corp.*, 36 F. Supp. 2d 191, 197 (S.D.N.Y. 1999) ("indeed, *the point of the exercise* was to reproduce the

underlying works with absolute fidelity"); *Meshwerks Inc. v. Toyota Motor Sales U.S.A., Inc.*, 528 F.3d 1258, 1268 (10th Cir. 2008) (In this case, the undisputed evidence before us leaves no question that Meshwerks *set out to copy* Toyota's vehicles, rather than to create, or even to add, any original expression"); *ATC Distribution Grp., Inc. v. Whatever It Takes Transmissions & Parts, Inc.*, 402 F.3d 700, 712 (6th Cir. 2005) ("The illustrations *were intended to be* as accurate as possible in reproducing the parts shown in the photographs on which they were based, a form of slavish copying that is the antithesis of originality") (emphasis added).

Plaintiff's Copyrighted Work cannot be classified as a slavish copy of another work. The subject matter contained in Plaintiff's Copyrighted Work is not the work of another, nor is there any evidence that the Author intended to reproduce the subject matter with perfect or near-perfect fidelity. The cases cited above, each of which were cited by ASPMIZ Defendants in their Response, involve parties that made exact reproductions of preexisting works and exhibited or admitted explicit intent to recreate those works as exactly as possible. *See Bridgeman Art Library*, 36 F. Supp. 2d 191; *Meshwerks Inc.,* 528 F.3d 1258; *ATC Distribution Grp., Inc.* 402 F.3d 700. The courts found in each case that the party creating the reproduction contributed no intentional originality, and thus could not copyright the reproduction. Plaintiff did not do that here. Plaintiff's Copyrighted Work is an original photograph that is a unique artistic interpretation and expression of nature, not a copy of an existing image.

There exists no evidence nor admission that the Author intended to exactly reproduce the underlying subject – the marble slab – in its entirety. An examination of the copyrighted work shows that the author selected a portion of a slab of marble to photograph, and made choices at least regarding the lighting, perspective, framing, and composition of the work. The resulting work is a creative, artistic image that exhibits a greater aesthetic impression than would an exact copy

of the subject matter; the balance of the colors, the disorienting perspective, and the purposeful placement of the golden striations all contribute to a work that is distinct and pleasing to view, hence its widespread counterfeits. Indeed, this case is more akin to *Home Legend, LLC v. Mannington Mills, Inc.*, also cited by ASPMIZ Defendants, where the court found that although a 1-to-1 scan of a plank of wood would not be copyrightable, the creative alterations made by the reproducer were sufficient to justify its copyright. 784 F.3d 1404 (11th Cir. 2015). The creativity displayed by the Author in photographing the underlying work meets the low burden of originality needed for a valid copyright.

2.  <u>Plaintiff's Copyright Protects the Artistic Expression of a Natural Phenomenon</u>

Photographs of natural objects may be original if they involve minimal creativity in the "choice of composition, lighting, shading, camera angle, background, perspective," etc. *Bryant v. Gordon*, 483 F. Supp. 2d 605 (N.D. Ill. 2007); Dkt. No. 50 at 8. Although the natural aspects of works may not be copyrighted, the specific artistic portrayal of a natural phenomenon created by an author is well within the scope of copyright. *See Satava v. Lowry*, 323 F.3d 805 (9th Cir. 2003) (holding that no artist may use copyright law to prevent others from depicting ideas first expressed by nature, but that an artist can protect the "original expression he or she contributes to these ideas"); *Folkens v. Wyland Worldwide, LLC*, 882 F.3d 768 (9th Cir. 2018) (holding that although the idea of dolphins posing is not copyrightable, "[a]n artist may obtain a copyright [in a photo of dolphins posing] by varying the background, lighting, perspective, animal pose, animal attitude, and animal coat and texture, . . .").

As discussed above, Plaintiff's Copyrighted Work expresses sufficient artistic creativity to satisfy the requirement of originality. Plaintiff does not claim a copyright in the idea of white, gray, and gold marble, but rather the artistic contributions that are present in the Copyrighted

Work. Plaintiff wishes to enforce his rights in the specific photo taken by the Author of that portion of the white, gray, and gold marble, which is the exact image being used by Defendants in this case. *See* Dkt. No. 13. Further, ASPMIZ Defendants' reliance on *Kelley v. Chi. Park Dist.*, is also misguided. 635 F.3d 290 (7th Cir. 2011). In *Kelley*, Kelley attempted to claim copyright for a living garden and was denied protection not due to a lack of originality, but because "a living garden lacks the kind of authorship and *stable fixation* normally required to support copyright." *Id.* at 303 (emphasis added). The court in *Kelly* also inferred that if the work had instead been a photograph or painting of the garden, it would have been granted a copyright. *See id.* at 302-304. Accordingly, Plaintiff's Copyrighted Work is valid as to its original artistic expression, which, even if it was directly challenged, is a genuine issue of material fact and thus should not be decided at this point in the case. *See UIRC-GSA Holdings, LLC v. William Blair & Co., L.L.C.*, 90 F.4th 908, 914-915 (7th Cir. 2024) (citing *Merritt Forbes & Co. Inc. v. Newman Inv. Sec., Inc.*, 604 F. Supp. 943, 951, 953 (S.D.N.Y. 1985)).

### D. Brebon Defendants' Chinese License is Invalid and Irrelevant

Brebon Defendants introduced an alleged license from a Chinese company to use the Plaintiff's Copyrighted Work, but failed to provide any authentication of the documents, their translation, or their veracity as public records of a foreign nation. The alleged Chinese copyright is not accompanied by a certificate of genuineness that would grant it a presumption of validity under Federal Rule of Evidence 902(3), and the QR codes on the documents lead only to an inaccessible website. Even if the Court orders that it be treated as authentic, it is irrelevant to the case at hand.

Brebon Defendants failed to provide any evidence that the alleged copyrighted images they "licensed" were ever registered with the U.S. Copyright Office. Brebon Defendants failed to cite

any case supporting their argument that reliance on a Chinese copyright is a defense to a claim of U.S. copyright infringement. Brebon Defendants failed to make any showing that their Chinese license has any bearing whatsoever on Plaintiff's U.S. copyright rights. Additionally, based on the fact that the alleged Chinese copyright was registered later than the creation date of the underlying work, it could be inferred that the Chinese entity copied Plaintiff's copyrighted photograph and fraudulently obtained the copyright registration in China. Brebon Defendants' purported license bears no impact on this case, and the burden remains on them to show why it should even be considered.

Brebon Defendants' assertion of their alleged Chinese license is additionally hypocritical and cuts against the Defendants' other arguments regarding validity. Brebon Defendants assert that Plaintiff's copyright is invalid because the underlying work is not copyrightable. At the same time, Brebon Defendants assert that the same work has been validly copyrighted in China and that they needed to procure a license to use it. If a work is inherently uncopyrightable, there should be no need to obtain a license to use it, nor should there be multiple governments that recognize its copyright. Brebon Defendants cannot have it both ways and should not be allowed to so blatantly argue out of both sides of their mouths.

### E.  Defendants Gibelle and MitoVilla's Standing Argument Is Premature

At the pleading stage, Plaintiff has standing to sue when Plaintiff alleges "a concrete and particularized injury in fact that is traceable to the defendant's conduct and redressable by judicial relief." *Cothron v. White Castle Sys*., 20 F.4th 1156, 1158 (7th Cir. 2021). Plaintiff sufficiently alleged that he suffered damages due to Defendants' copyright infringement and is redressable by judicial relief. *See* Dkt. 1 at ¶ ¶ 25-39.

Plaintiff's declaration, together with the recordation exhibit submitted as Dkt. 65, conclusively proves the Plaintiff's ownership of the copyright.

### F. Defendants Gibelle and MitoVilla's Evidence of Alleged License is Inadmissible and Does Not Disprove Plaintiff's Likelihood of Success on the Merits

Defendants Gibelle and MitoVilla provided two pieces of evidence showing that they had valid license to use the image. Dkt. # 71-2 – 71-3. To begin with, Plaintiff objected to the introduction of these exhibits as they are hearsay. Plaintiff is unable to verify the authenticity of these alleged licenses. In addition, these exhibits, even if admissible, do not show the image at issue. Even if Defendants attempted to obtain the license, these exhibits clearly show that Defendants admitted that this photograph is copyrightable, which is the only reason for them to need to buy a license from Shutterstock. Both Defendants obtained the so-called Enhanced License from Shutterstock on May 9, 2024, which is about one month before the Author transferred the entire copyright to Anoyar. Any agreement between Defendants and Shutterstock is not binding on Plaintiff as Plaintiff is not a party to Defendants' agreement with Shutterstock. In any event, Defendant used the photograph without any commercial authorization for years until May 9, 2024, which infringed the copyright and caused damage to the original author. The earlier Standard License allegedly obtained by Xiaolin Fu is no defense to infringement either as it only allows personal and non-commercial usage according to Dkt. # 71 – 5.

### G. All Defendants are Properly Joined in the Action

A determination of whether permissive joinder is proper involves a case-by-case assessment of the facts and circumstances and balancing of the key factors underlying the joinder analysis – fundamental fairness to plaintiffs, judicial economy, and avoiding prejudice to defendants. *Viking Arm AS v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 24

C 1566, 2024 U.S. Dist. LEXIS 104123 at *5 (N.D. Ill. June 6, 2024) (citing *Bose Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 334 F.R.D. 511 (N.D. Ill. 2020); *Estee Lauder I*, 334 F.R.D. at 187-190; *Bailie v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 24 cv 2150, 2024 U.S. Dist. LEXIS 87494 at *5 (N.D. Ill. May 15, 2024)). This Court has previously held that the joining of multiple alleged counterfeiters is proper under Rule 20. *Zhaoshi Tang v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 23 C 4587, 2024 U.S. Dist. LEXIS 2294 at *6 (N.D. Ill. Jan. 4, 2024) (citing *Bose Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 334 F.R.D. 511 (N.D. Ill. 2020)); *see also Roadget Bus. PTE. Ltd. v. Individuals*, No. 24 C 3139, 2024 U.S. Dist. LEXIS 162500 at *17-18 (N.D. Ill. Sep. 9, 2024) ("[Plaintiff]'s argument would be much stronger if it identified twenty-four defendants who each sold products infringing on the same copyright," rather than distinct violations of a design patent). The Court has also held that Rule 20's inclusion of the term "occurrence" suggests that "joinder may be appropriate in cases where there is mass harm but no express 'transactional' coordination among the attackers." *Id.*; *see also PINK FLOYD (1987) Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-cv-04406, 2021 U.S. Dist. LEXIS 254394 at *2-3 (N.D. Ill. Oct. 21, 2021).

All defendants in this case are properly joined and should remain joined going forward in the interests of fundamental fairness to plaintiffs and judicial economy. Plaintiff is also providing evidence showing that Defendants were actively communicating in WeChat groups about this case. Each participant of the group owns multiple stores in violation of Amazon policy. The pattern of defense and representation in this case and the admission made in the WeChat communication, clearly demonstrated that Defendants in these cases are working in active concert and coordination with each other, as such, joinder is proper against all defendants in this matter. *See* **Exhibit 2**.

Each of the defendants sold counterfeit goods through online platforms that violated the same Asserted Copyright, and thus infringed Plaintiff's rights in the same way by the same means. Defendants all infringed Plaintiff's rights in the same manner, showing that their actions are not isolated incidents, but part of a broader pattern of infringement. All defendants' actions thus arise from the same occurrence and create a mass harm to Plaintiff that justifies joinder regardless of if they are classified as being a single transaction. Defendants have also appeared in groups to defend themselves, further providing evidence that the list of Defendant Internet Stores on Schedule A contain parties that are working together and set up online store aliases to avoid detection from Plaintiff and the Court. Even if the Court does not find that *all* defendants should be joined, Plaintiff contends that only Brebon Defendants should be severed as they are the only group of defendants that have challenged joinder as being prejudicial to defendants. Otherwise, each appearing group, as well as the non-appearing defendants, should be respectively joined.

Finally, none of the appearing defendants have complied with the expedited discovery order contained in the Preliminary Injunction Order, so at this time Plaintiff is unable to definitively prove that each group of defendant storefronts has common ownership, however each defendant group has made some showing that they either share a common owner or are otherwise connected.

1. Brebon Defendants

Brebon Defendants have shown that they are an interrelated group of storefronts through their shared representation and presented evidence. Brebon Defendants are all represented by attorney Jianyin Liu, and first appeared through their counsel as a group. Dkt. No. 26. Brebon Defendants also attached an alleged license to their Motion, which lists each of the Brebon Defendants and no other entities. This collective evidence demonstrates that Brebon Defendants

share common ownership or else share a connection or collusion that justifies their joinder and shows that they are not just individual entities operating independently but are instead part of a connected group.

2. ASPMIZ Defendants

ASPMIZ Defendants similarly appeared contemporaneously via shared counsel. Dkt. No. 35. Additionally, ASPMIZ Defendants responded to Plaintiff's First Request for Admissions with a single document that collectively spoke for the group of storefronts, despite Plaintiff sending individual requests for each defendant. This collective evidence demonstrates that ASPMIZ Defendants share common ownership or else share a connection or collusion that justifies their joinder. Just like with the Brebon Defendants, this collective evidence strengthens the argument for joining the ASPMIZ Defendants. It shows that they are part of a connected group, not individual entities operating independently.

3. Cinblue Defendants[2]

Cinblue Defendants similarly appeared contemporaneously via shared counsel and filed a joint response to Plaintiff's Complaint. *See* Dkt. No. 40. The fact that the Cinblue Defendants appeared together and filed a joint response suggests a level of coordination and connection that supports the argument for their joinder.

4. Gibelle and MitoVilla

Defendants Gibelle and MitoVilla admit to having a common owner. Dkt. No. 71-1. This admission of common ownership strengthens the case for joinder of Gibelle and MitoVilla. It shows that they are not individual entities operating independently but are a connected group.

---

[2] Cinblue, riyifabric, WEESIRE, YOLIN, Bellast, dreamspace, and KidsTube

5. <u>Non-Appearing Defendants</u>

The remaining defendants have not appeared in this case, and thus have defaulted. Non-appearing defendants should remain joined in the interest of judicial economy and to avoid undue prejudice to Plaintiff. Additionally, the Court has held that joinder of non-appearing defendants is proper as none of those defendants are prejudiced by permitting their joinder as the claims against them will proceed the same way regardless of whether they are severed. *Bose Corp.,* 334 F.R.D. at 517; *Roadget Bus. Pte. Ltd.,* 2024 U.S. Dist. LEXIS 96060 at n.5. Non-appearing defendants are handled via the default judgment process, and thus even if they were severed nothing would change with regard to the manner in which the claims against them are litigated or managed. *Id.* If non-appearing defendants show up later in a case, the Court retains the ability to re-visit joinder with respect to those defendants, but otherwise it is fair and efficient for the non-appearing defendants to remain joined. *Id.*

6. <u>Severability of Grouped Defendants</u>

Although Courts in this district have denied joinder in the past in counterfeiting cases, holding that the claims against defendants did not arise from the same transaction, the Seventh Circuit has repeatedly ruled that misjoinder is *not* grounds for dismissal under Fed. R. Civ. P. 21. *See e.g.*, *Estée Lauder Cosmetics Ltd. v. P'ships & Unincorporated Assocs. Identified on Schedule A*, 334 F.R.D. 182 (N.D. Ill. 2020); *Abatangelo v. Wells Fargo Bank, N.A.*, 719 F. App'x 520, 521 (7th Cir. 2017); *see also Estate of Alvarez v. Donaldson Co.*, 213 F.3d 993, 994 (7th Cir. 2000) (emphasis added); *Roadget Bus. Pte.. Ltd. v. Individuals, Corp., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, No. 24 CV 607, 2024 U.S. Dist. LEXIS 119991, at *19 (N.D. Ill. July 9, 2024) (holding that dismissal for misjoinder is inappropriate as it will prejudice the plaintiff). Dismissing the case due to misjoinder would lift the TRO and open

the possibility that the affected defendants would move the funds subject to the asset freeze out of a plaintiff's reach. *Roadget Bus. Pte. Ltd. v. Individuals, Corp., LLC*, No. 24 C 115, 2024 U.S. Dist. LEXIS 96060, at *10 (N.D. Ill. May 30, 2024). If the Court finds at this early stage that defendants were not properly joined, Plaintiff proposes that the case be severed into Defendant groups that have appeared together.

## CONCLUSION

In light of the foregoing, Plaintiff respectfully requests the Court to strike Brebon Defendants' submission of Exhibit B and Exhibit C contained in Dkt. 40-2, deny Brebon and ASPMIZ Defendants' motion to dissolve or further modify the preliminary injunction, deny Gieblle Defendants' motion to vacate the preliminary injunction, and maintain joinder of all parties, or else sever the case either only with respect to Brebon Defendants, or sever the case in such a way to keep the appearing groups of defendants intact and maintain the injunction order in place. Plaintiff respectfully requests this Court to enter the modified preliminary injunction order submitted by Plaintiff adjusting the asset restraint for the Defendant groups to treble the infringing sales as proposed by this Court in Minute Entry [60].

Dated: September 23, 2024     Respectfully Submitted,

<div style="margin-left:40%">

By: /s/ Shengmao Mu
Shengmao (Sam) Mu, NY #5707021
Abby Neu ARDC 6327370
Keaton Smith ARDC 6347736
**WHITEWOOD LAW PLLC**
57 West 57th Street, 3rd and 4th Floors
New York, NY 10019
Telephone: (917) 858-8018
Email: smu@whitewoodlaw.com

*Counsel for Plaintiff*

</div>