# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SEN ZHANG,<br><br>  Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,<br><br>  Defendants. | Case No. 1:24-cv-06834<br><br>Hon. Judge Jeremy C. Daniel<br>Hon. Magistrate Judge Shiela M. Finnegan |

## DEFENDANTS #33 GIBELLE'S AND #47 MITOVILLA'S OBJECTION TO DKT. 90 DECLARATION OF PATTANAWIT CHANCHARASTONG

Defendants #33 Gibelle and #47 Mitovilla (collectively "Defendants") objects to Plaintiff's belated submission of a purported declaration from Pattanawit Chancharastong and respectfully notes that this declaration is entitled to no evidentiary weight for at least the following reasons:

1. To begin with, Plaintiff has had numerous opportunities to submit a declaration from the purported author but chose not to do so. *See, e.g.*, Dkts. 1, 11, 28, 53, 80. Allowing Plaintiff to submit such a declaration at this juncture substantially prejudices all defendants given that Plaintiff has had ample time to respond to arguments raised by various defendants. Thus, Plaintiff's submission should be stricken.

2. Notably, the declarant did not even make the declaration "under penalty of perjury under the laws of the United States of America."

3. Further, Exhibit 1 to the declaration is inadmissible hearsay. Exhibit 1 appears to be a screenshot from an unknown and unidentified source and has not been shown to be trustworthy. For example, the "Description: Marble ink texture acrylic painted waves texture background. pattern can [*sic*] used for wallpaper or skin wall tile luxurious" appears to have been manually added by someone and was not auto-generated by any photography equipment. Yet, no explanation was given as to the exact sources of the information.

4. The declarant also failed to *specify what* "specialized cameras and other professional photography equipment" were used in in the purported photoshoot.

5. Thus, the declarant's statement about "original expression" and purported decisions regarding "the framing, perspective, composition, lighting, angle, shading and focus" is nothing but unsubstantiated self-serving talking point copied directly from the relevant case law.

6. Similarly, the declarant's statement regarding the first publication date is not supported by any evidence. In fact, Exhibit 2 to the declaration, which is also inadmissible hearsay, *does not even show the exact work asserted by Plaintiff in this case or the November 23, 2016 publication date*.

7. Moreover, it is also curious that the declarant did not even attempt to provide the actual date the purported photograph was *created*.

8. The declarant's final statement regarding the alleged assignment from the purported author to the non-party Anoyar Co., Ltd. ("Anoyar") is also not supported by any evidence.

9. As explained in Defendants' opening brief (Dkt. 71) and not disputed by Plaintiff, he is nothing more than a "strawman" plaintiff and this action is merely a sham litigation to extort settlement payments from foreign defendants using the "Schedule A" litigation scheme. Just like the copyright registration was made by Anoyar and the assignment from Anoyar to Plaintiff solely for the purposes of initiating this and subsequent "Schedule A" litigations, this reactive declaration is solely to maintain the current litigation and support future actions.

For the forgoing reasons, Defendants respectfully submit that the purported declaration from Pattanawit Chancharastong should be stricken and is not entitled to any weight.

Dated: September 30, 2024

Respectfully Submitted,

*/s/ Zheng Gong*
Zheng Gong
Illinois Bar No. 6323959
ShinyRise PLLC
1 East Erie St., Suite 525-5203
Chicago, IL 60611
Email: zheng.gong@shinyrise.com
Phone: 202-818-8086
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing paper was filed electronically with the Clerk of the Court using the CM/ECF system on September 30, 2024, which will send notification of such filing to all counsel of record.

Date: September 30, 2024

*/s/ Zheng Gong*
Zheng Gong