IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **SEN ZHANG,** <br><br> Plaintiff, <br><br> v. <br><br> **The Individuals Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A to the Complaint**, <br><br> Defendants. | Civil No.: 1:24-cv-06834 <br><br> **Presiding: Jeremy C. Daniel** <br> **Magistrate: Shiela M. Finnegan** |

## MOTON FOR EVIDENTIARY HEARING ON THE DECLARATION

Defendants, Brebon, Tayney, Art-Town, Subwest, BSYMY and Culudea (collectively "Defendants"), by and through their counsel undersigned, hereby requests that this Court conduct an evidentiary hearing on to Plaintiff's Declaration [DE 90] and state the grounds as follows:

I. **WHETHER OR NOT THE DECLARATION IS TRUE IS CRITICAL TO THE STANDING OF PLAINTIFF.**

**A. The Declaration is Full of Mistakes, Indicting Potential Fraud.**

   **i. THE DECLARATION IS NOT VALID.**

The Declaration [DE 90], purportedly written and signed by Panttanawit Chancharastong ("Declarant"), declared that he was the original artist of the copyrighted marble image at issue

("Image") by attaching Exhibit 2 and claiming he published the Image on shutterstock.com. *See* Declaration, ECF No. 90, p. 1-2, ¶¶ 1-3, 8.

As other co-defendants in the instant pointed out, this is not a sworn declaration. The Court may need to find why Declarant made an unsworn declaration to support Plaintiff's standing in the instant case.

### ii. NO PROOF OF FIRST DATE OF PUBLISHING OF THE COPYRIGHTED IMAGE.

The Declarant claimed that he published the Image on stutterstock.com, however, there is no proof in Exhibit 2 of the Declaration [DE 90] that indicates the publishing of the Image, let alone the date of publishing.

### iii. NO EXPLANATION WAS PROVIDED REGARDING THE SCOPE OF AUTHORIZED USE OF THE IMAGE.

When an image is published on shutterstock.com, the publisher might have lost certain control of the copyright of the Image. However, Declarant failed to provide any explanation in this regard.

### iv. THE LANGUAGE OF THE DECLARATION APPARENTLY WAS COACHED BY LEGAL PROFESSIONALS.

Most of the languages used in the Declaration [DE 90], were apparent result of being coached by legal professionals most recently, which coincides to be almost identical with the opening statement and the case laws cited by Plaintiff's counsel in the hearing held by this Court on Sept. 26, 2024. For example, "[w]hen shooting the Asserted Work, I set out to create an original expression, and make decisions regarding at least the frame, perspective, composition,

lighting, angle, shading, and focus of the photograph." *See* the Declaration, ECF No. 90, p. 2, ¶ 5.

**B. WERE THER ANY FRAUD IN THE ENTIRE CHAIN OF CUSTODY OF THE COPYRIGHTED IMAGE, PLAINTIFF HAS NO STANDING IN THIS CASE.**

Were there any fraud in any one factor of the date of first publishing, alleged transfer from Declarant to Anoyar Co., Ltd., and subsequently from Anoyar Co., Ltd. to Plaintiff, Plaintiff has no standing in the instant case.

**WHEREFORE**, Brebon, Tayney, Art-Town, Subwest, BSYMY and Culudea (collectively "Defendants"), by and through their counsel undersigned, hereby requests that this Court conduct an evidentiary hearing on to Plaintiff's Declaration [DE 90].

Respectfully submitted on Oct. 3, 2024.

/s/ Jianyin Liu
FBN: 1007675
Jianyin Liu, Esq.
The Law Offices of James Liu, LLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Ph: (305) 209 6188
Email: jamesliulaw@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was sent via CM/ECF on Oct. 3, 2024.