UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEN ZHANG,<br>      Plaintiff,<br><br>  v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,<br>      Defendants | No. 24-cv-06834<br><br>Judge Jeremy C. Daniel |

## ORDER

Defendants Brebon, Tayney, Art-Town, Subwest, BSYMY and Culudea's motion to dissolve the preliminary injunction [45] and defendants Gibelle and MitoVilla's motion to vacate the preliminary injunction [71] are granted. The preliminary injunction [44] is dissolved as to all defendants. The plaintiff shall provide a copy of this order to all third parties that the plaintiff previously notified of the preliminary injunction or temporary restraining orders entered in this case. Defendants Gibelle and MitoVilla's motion to seal [72] is granted. The plaintiff's motion for leave to file excess pages [79] is granted. Defendants Brebon, Tayney, Art-Town, Subwest, BSYMY and Culudea's motion for an evidentiary hearing [94] is denied as moot. Status hearing set for October 29, 2024, at 9:30 a.m.

## STATEMENT

The plaintiff filed this copyright infringement action on August 5, 2024. (R. 1.) The Complaint alleges that the defendants, "an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell" products that infringe the plaintiff's copyright. (*See*, *generally*, *id.*) The plaintiff claims copyright in the following photograph, entitled "marble with golden, gray, and white patterns."



(*See* R. 65.) According to the copyright registration, the author first published this photograph on November 23, 2016, and registered the photograph on June 5, 2024.

Shortly after filing this action, the plaintiff sought and obtained an *ex parte* temporary restraining order. (R. 14 and R. 18.) The plaintiffs then sought and obtained a preliminary injunction. (R. 28 and R. 44.) Several defendants appeared and have challenged the entry of the preliminary injunction.

"A preliminary injunction may be granted where a movant shows that it is likely to succeed on the merits of its claims and that traditional legal remedies would be inadequate, such that it would suffer irreparable harm without injunctive relief." *Grubhub Inc. v. Relish Labs LLC*, 80 F.4th 835, 843 (7th Cir. 2023). To prove copyright infringement, a plaintiff must show that he owns a valid copyright and that the defendant copied the constituent elements of the work that are original. *UIRC-GSA Holdings, LLC v. William Blair & Co., L.L.C.*, 90 F.4th 908, 912–13 (7th Cir. 2024).

"In this circuit, copyrightability is an issue of law for the court." *Schrock v. Learning Curve Int'l, Inc.*, 586 F.3d 513, 517 (7th Cir. 2009). Typically, the certificate of registration constitutes prima facie evidence of the validity of the copyright. 17 U.S.C. § 410(c). This presumption is rebuttable. *Mid Am. Title Co. v. Kirk*, 59 F.3d 719, 721 (7th Cir. 1995). However, where the certificate of registration was not "made before or within five years after first publication of the work," "the evidentiary weight to be accorded the certificate of a registration" is within the discretion of the court. *Id.* Here, the Court affords little weight to the certificate of registration because of the issues raised by the defendants concerning the copyrightability of the photograph. *See*, *e.g.*, *Neri v. Monroe*, 726 F.3d 989, 991 (7th Cir. 2013) (explaining that defendants can show "why the court should disregard the registration").

"Copyright protection subsists . . . in original works of authorship fixed in any tangible medium of expression . . . from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C. § 102(a). While the standard for originality is low, it nonetheless exists. *Feist*

*Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 362 (1991). "Originality in this context 'means only that the work was independently created by the author . . . and that it possesses at least some minimal degree of creativity.'" *Schrock*, 586 F.3d at 519 (citing *Feist*, 499 U.S. at 345). When it comes to photographs, "the original expression [an author] contributes lies in the rendition of the subject matter—that is, the effect created by the combination of his choices of perspective, angle, lighting, shading, focus, lens, and so on." *Schrock*, 586 F.3d at 519. While most photographs contain at least some originality in their rendition, that is not the case for a limited class of photographs that may be considered "slavish copies." *Id.*

In *Schrock,* the Seventh Circuit held that photographs of toys were not slavish copies because the photographer's "artistic and technical choices combined to create a two-dimensional image that [was] subtly but nonetheless sufficiently his own." *Id.* Here, the plaintiff submitted a declaration from the photographer stating that he used specialized cameras and other professional photography equipment. (R. 90 ¶ 4.) He further claims that he "did not set out to create an exact reproduction of the subject matter, but instead used [his] artistic knowledge to create an original work of art."

But there are two problems with this declaration. First, it's untimely. The Court identified this issue as one for the plaintiff to address in briefing and during an evidentiary hearing on the pending motions. (*See* R. 60 at 2-3.) The plaintiff did not file the declaration until after the deadline for the plaintiff's brief and after the evidentiary hearing. Allowing the declaration now would allow it to go unchallenged by the defendants, which is unfair. Second, even if the Court were to consider the declaration, it does not help the plaintiff meet his burden of showing a likelihood of success on the merits. On the one hand, you have the photographer's generic claims concerning his artistic and technical choices. Those claims do not explain what decisions, if any, he made concerning framing, perspective, lighting, angle, shading, or focus. On the other hand, you have the photograph, which appears to be a faithful reproduction of a section of marble. It is almost as if the photograph is a photocopy of a section of marble. There is no evidence in the record of any creativity on the photographer's part. At this point, the record does not establish the necessary originality to warrant copyright protection. As a result, the plaintiff has not shown a likelihood of success on the merits with respect to the first element of his copyright infringement claim.

Therefore, the Court dissolves the preliminary injunction it entered on September 4, 2024.

Date: October 8, 2024

JEREMY C. DANIEL
United States District Judge

3